**ICE MILLER LLP**
Louis T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
1500 Broadway, Suite 2900
New York, NY 10036
Phone: 212-835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

Counsel to AIRN Liquidation Trust Co., LLC
in its capacity as Liquidation Trustee of the
AIRN Liquidation Trust

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-14539 (JKS) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH CIPOLLA, et al.,<br><br>Defendants. | Adv. Pro. No. 24-01097 (JKS) |

**LIQUIDATION TRUSTEE'S MOTION FOR (1) LEAVE TO FILE SURREPLY, OR IN THE ALTERNATIVE, TO STRIKE PORTIONS OF DEFENDANTS' REPLY AND (2) REFERRAL TO MEDIATION**

AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the AIRN Liquidation Trust (the "Liquidation Trust") established under the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Case No. 22-14539, Docket No. 3256] (as amended and supplemented, the "Plan") and the order confirming same [Case No. 22-14539, Docket No. 3599], by and through its undersigned counsel, hereby files this motion (the "Motion") requesting leave to file a surreply to Defendants' *Reply Brief in Support of Motion of Cipolla Defendants to Dismiss Plaintiff's Adversary Complaint Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 14] (the "Reply"), or in the alternative, to strike certain portions of the Reply. In support of this Motion, the Liquidation Trustee states as follows:

## PRELIMINARY STATEMENT

1. The Reply impermissibly raises several new arguments that go beyond the scope of Defendants' Motion to Dismiss.

2. Making new arguments in a reply is like filing a second motion to dismiss with no opportunity to respond. Courts routinely hold that reply briefs may only respond to arguments raised in opposition briefing or explain a position that has been refuted. They cannot introduce new arguments that an opposing party will not have an opportunity to address. When new arguments are raised in a reply, courts typically (1) permit the filing of a surreply to address the new arguments or (2) strike the new arguments from the reply.

3. Because Defendants have raised new substantive arguments in their Reply, the Liquidation Trustee requests that it be permitted to file a surreply. This is the Liquidation Trustee's preferred course of action as it will preserve Defendants' new arguments while still giving the Liquidating Trustee an opportunity to respond and the Court a complete record. If the Court does

2

not grant leave to file a surreply, the Liquidation Trustee requests that the Court order those portions of the Reply that raise new substantive arguments stricken.

4. A hearing on the Motion to Dismiss is currently set for July 23, 2024, at 2 p.m. (the "Hearing"). With this Motion, the Liquidation Trustee has also submitted a request to adjourn the Hearing for three weeks to permit the Liquidation Trustee to file a surreply and Defendants to file a response if they so choose.

5. Counsel for the Liquidation Trustee emailed counsel for Defendants on July 17, 2024, to seek an agreement to adjourn the Hearing and permit the filing of a surreply to avoid the need for this Motion. Counsel for Defendants responded on July 18, 2024, stating that Defendants are opposed both to an adjournment of the Hearing and the relief requested in this Motion.

## RELEVANT BACKGROUND

6. On February 23, 2024, the Liquidation Trustee filed its Complaint (the "Complaint") [Dkt No. 1] against defendants Joseph Cipolla, Cipolla & Co., LLC, CFA Assurance Services LLC, CFA Review Services LLC, CFA Tax Services LLC, Cipolla Financial Advisors LLC ("Defendants").

7. On April 25, 2024, Defendants filed the *Motion of Cipolla Defendants to Dismiss Plaintiff's Adversary Complaint Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 10] (the "Motion to Dismiss").

8. On June 10, 2024, the Liquidation Trustee filed its *Opposition to Motion of Cipolla Defendants to Dismiss Plaintiff's Adversary Complaint Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure* (the "Opposition") [Dkt. No. 12].

9. On July 2, 2024, Defendants filed their 61-page Reply (which is longer than the Opposition and two pages shorter than the Motion to Dismiss). The Reply makes at least four new arguments that go beyond the scope of the Motion to Dismiss.

**RELIEF REQUESTED**

10. The Liquidation Trustee requests that the Court either (i) permit the Liquidation Trustee to file a surreply to address the new arguments raised in the Reply or (ii) strike those portions of the Reply that present new arguments not raised in the Motion to Dismiss.

11. If the Court grants leave to file a surreply, the Liquidation Trustee proposes that an adjourned Hearing be held Tuesday August 13, 2024, with the surreply to be filed no later than Friday July 26, 2024, and Defendants' response to the surreply, if any, to be filed no later than Friday August 2, 2024.

**BASIS FOR RELIEF REQUESTED**

12. "The law is clear that reply briefs should respond to arguments raised in the opposition brief, or explain a position in the initial brief that the respondent refuted." *Smithkline Beecham PLC v. Teva Pharms. USA, Inc.*, No. CIV.A. 04-0215, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007); *Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (finding same), *aff'd Bayer AG v. Schein Pharms., Inc.*, 301 F.3d 1306 (3d Cir. 2002). Reply briefs are not the time to present new arguments and attempts to do so should not be permitted. *Smithkline Beecham PLC*, 2007 WL 1827208, at *1; *General Elec. Capital Corp. v. Oncology Associates of Ocean City LLC*, 2011WL 6179255, at *2 (D.N.J. Dec. 12, 2011) ("It is axiomatic in federal practice that arguments raised for the first time in a reply brief should be disregarded"); *see also Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998).

13. Defendants' Reply raises several new arguments, including but not limited to the following:

    a. Judicial estoppel prevents the Liquidation Trustee from asserting claims outside of Chapter 5 of the Bankruptcy Code. Reply at 16.

    b. Claims cannot be contributed to a liquidation trust if a bankruptcy court does not have subject matter jurisdiction over such contributed claims. Reply at 20.

    c.    Counts V, VI, VII, and VIII of the Complaint are not properly pleaded because they do not distinguish between the claims of Contributing Investors and claims of the Estate. Reply at 25, 40, 43.

    d.    Count VIII should be dismissed because Defendants were not in privity with the Debtors. Reply at 50.

14. Each of these arguments goes well beyond what was raised in the Motion to Dismiss or the Opposition. With respect to items (a), (b), and (d) above, neither the Motion to Dismiss nor the Opposition ever discuss judicial estoppel, subject matter jurisdiction over contributed claims, or privity.

15. With respect to item (c), page 3 makes a single reference to contributed claims in the context of the applicability of the *in pari delicto* defense but makes no substantive argument regarding whether contributed claims need to be separately pleaded, and if so, what must be pleaded to support those claims. Likewise, the Opposition makes reference to contributed claims only to respond to Defendants' argument regarding state law transfer restrictions and *in pari delicto*—the sufficiency of separately pleading contributed claims is not raised in the Opposition. Vague references in the Motion to Dismiss or the Opposition cannot be used to raise entirely new arguments in the Reply.

16. Apart from being procedurally improper and placing Plaintiff at an unfair disadvantage, raising new arguments in a reply requires the Court to rule on issues without the benefit of complete briefing. Absent leave of Court, the Liquidation Trustee will not have an opportunity to respond to these arguments prior to the Hearing scheduled for July 23, 2024.

17. When a litigant improperly raises arguments for the first time in a reply, a court can either (a) permit a surreply or (b) strike the newly minted arguments. *Smithkline Beecham PLC*, 2007 WL 1827208, at *1 ("A sur-reply is filed with the permission of the Court by the non-moving party in response to the reply."); *Bayer AG*, 129 F. Supp. 2d at 716 (striking portion of reply brief

5

that raised new issues for the first time); *Elizabethtown Water Co.*, 998 F. Supp., at 458 (striking portion of a litigant's reply brief which asserted new arguments).

18.  In the interests of providing the Court with full briefing and preserving the new arguments made by Defendants, the Liquidation Trustee's preferred outcome is a short adjournment of the Hearing with leave to file a surreply, and if Defendants so desire, a response to the surreply. If, however, a surreply is not permitted, then the Court should strike the new arguments as procedurally improper.

19.  For these reasons, the Court should grant leave to the Liquidation Trustee to file a surreply. In the alternative, the Court should strike all newly introduced arguments from the Reply.

## REQUEST FOR REFERRAL TO MEDIATION

20.  Local Bankruptcy Rule 9019-2(a) provides for referral of adversary proceedings to mediation after the filing of an initial answer to the complaint. This is a case that would be presumptively referred to mediation at such time.

21.  In light of the extensive briefing that has already taken place and likely further extensive briefing that will take place before the filing of an answer, the Liquidation Trustee requests that the Court refer the parties to mediation pursuant to Local Bankruptcy Rule 9019-2 in advance of the filing of an answer.

## CONCLUSION

**WHEREFORE**, the Liquidation Trustee respectfully requests entry of an order granting the relief requested herein and any other relief that the Court may deem just and appropriate.

| | |
|---|---|
| Dated: July 18, 2024<br>New York, New York | **ICE MILLER LLP**<br><br>*/s/ Louis T. DeLucia*<br>Louis T. DeLucia, Esq.<br>Alyson M. Fiedler, Esq.<br>Ryan Hibbard, Esq. (admitted *pro hac vice*)<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>Phone: (212) 835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br>ryan.hibbard@icemiller.com<br><br>John C. Cannizzaro (admitted *pro hac vice*)<br>250 West Street, Suite 700<br>Columbus, OH 43215<br>Phone: (614) 462-2700<br>john.cannizzaro@icemiller.com<br><br>*Counsel to the AIRN Liquidation Trust Co., LLC in its capacity as Liquidation Trustee of the AIRN Liquidation Trust* |